ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
  and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
212) 223-1100
Nancy L. Kourland

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Case No. 10-15114 (SHL)

SOHO 25 RETAIL, LLC,                                    Chapter 11

                              Debtor.
----------------------------------------------------------x
SOHO 25 RETAIL, LLC,                                    Adv. Pro. No. 11-01286

                              Plaintiff,

              v.

Bank of America, N.A., as trustee for the
Registered Holders of GS Mortgage Securities
Corporation II, Commercial Mortgage
Pass-Through Certificates, Series 2006-GG8,

                              Defendant.
----------------------------------------------------------x


### RESPONSE OF THE DEBTOR AND DEBTOR IN POSSESSION
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

              Soho 25 Retail, LLC, the above captioned debtor and debtor in possession (the

"**Debtor**")[1], by its attorneys, Rosen & Associates, P.C., respectfully represents as follows:

### Under New York Law, an Assignment of Rents Operates as a Pledge

---
[1] All capitalized terms used herein, but not otherwise defined, have the same meaning ascribed to them in the
Debtor's Objection to Bank of America's Motion for Relief from the Automatic Stay.

1. The Bank's assertion that "the rents belong to the Lender either because the Assignment of Rents was absolute or because the Lender took the proper action to enforce the pledge (to the extent it was a pledge), prior to the filing of this bankruptcy case," is unsupportable as a matter of New York law.

2. Because New York is a "lien theory" state, not a "title theory" state, an assignment of rents clause in a mortgage operates as a pledge of rent to which the mortgagee does not become entitled until it asserts its rights.  Sullivan v. Rosson, 223 N.Y. 217, 119 N.E. 405 (N.Y.1918); Ganbaum v. Rockwood Realty Corp., 62 Misc.2d 391, 393, 308 N.Y.S.2d 436, 438 (Sup.Ct.1970).   As Judge Gonzalez noted in In re Loco Realty Corp., Case No. 09-11785, 2009 WL 2883050, at*5 (Bankr. S.D.N.Y. June 25, 2009),

> [U]nder New York law, 'an assignment of rent clause in a mortgage . . . operates merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right by taking affirmative steps . . . .'

In re Loco Realty Corp., 2009 WL 2883050, at *5 (quoting In re Pine Lake Vill. Apartment Co., 17 B.R. 829, 833 (Bankr.S.D.N.Y.1982) (citing Sullivan v. Rosson, 223 N.Y. 217, 119 N.E. 405; In re Brose, 254 Fed. 664 (2d Cir.1918); In re Hines, 88 F.2d 423 (2d Cir.1937))).  See also In re Northport Marina Associates, 136 B.R. 911, 916 (Bankr. E.D.N.Y.1992) (citing Ganbaum v. Rockwood Realty Corp., 62 Misc.2d 391, 393, 308 N.Y.S.2d 436, 438; In re Constable Plaza Assoc., L.P., 125 B.R. 98, 101 (Bankr.S.D.N.Y.1991); In re Riverside Nursing Home, 100 B.R. 683, 684 (Bankr.S.D.N.Y.1989).

3. The Bank urges this Court to treat Credit Lyonnais v. Getty Square Associates, 876 F.Supp. 517 (S.D.N.Y.1995) and Federal Home Loan Mortgage Corp. v. Dutch Lane Associates, 775 F.Supp. 133 (S.D.N.Y.1991) as "binding precedent" for the proposition

that the Assignment is absolute and not a pledge, conditioned on the Bank taking further action. Because these cases contain no discussion of New York law they are not "binding precedent" on this Court on this issue. As observed by the authors of <u>Absolute Assignment of Rents – Their Significance in Bankruptcy</u>:

> It is interesting to note that although the court in <u>Credit Lyonnais</u> stated that '[t]he law is clear,' the only cases to support its interpretation of the law were the recent Southern District of New York cases involving the Federal Home Loan Mortgage Corporation. Indeed, in <u>Federal Home Loan Mortgage Corp. v. Dutch Lane Assocs.</u>, the first of these district court cases and a case heavily relied upon by the <u>Credit Lyonnais</u> court, there was not a single case cited under New York law supporting the concept of an absolute assignment of rents. In fact, each case cited by the defendants in the <u>Dutch Lane</u> opinion in support of their position that the assignment was not absolute was distinguished in conclusory fashion, with the court's observation that '[i]n those cases, the rents were expressly assigned as additional security only, they were neither absolute nor independent obligations.' It appears that <u>Dutch Lane</u> and its progeny have perhaps mistakenly relied upon the specific language used in the assignment of rents clauses in the mortgage itself or in a separate security agreement and, in doing so, have ignored the fact that New York is a lien theory state.

Jay L. Gottlieb and Gerard S. Catalanello, <u>Absolute Assignment of Rents – Their Significance in Bankruptcy</u>, 7 J. Bankr. L. & Prac. 241, 248-49 (1998).

4.     Here, because New York is a lien theory state, as a matter of law, the assignment of rents clause in the Mortgage operated as a pledge of the rents as additional security only for the repayment of the Note.

5.     Moreover, notwithstanding that the language of the Assignment itself purports to "absolutely and unconditionally assign all right title and interest . . . to all present and future Leases and Rents . . ." to the Bank, the nature of the conveyance as security remains unchanged under New York law. Because New York is a "lien theory" state "no transfer of title

3

to the leases is effectuated . . . ."  <u>Dream Team Associates, LLC v. Broadway City, LLC</u>, Index No. L & T 62346/03, 2003 WL 21203342, at *2 (N.Y. Civ.Ct. May 7, 2003) (emphasis added) (citing <u>Suderov v. Ogle</u>, 149 Misc.2d 906, 574 N.Y.S.2d 249, 251 (App.Div. 2<sup>d</sup> Dept 1991)). <u>See</u> <u>also</u> <u>Lt Propco, LLC v. Carousel Center Co., L.P.</u>, 68 A.D.3d 1695, 893 N.Y.S.2d 395, 396 (App.Div. 4th Dept 2009) ("[b]ecause New York operates under a lien theory as opposed to a title theory with respect to mortgages, the language used in an assignment instrument itself is not determinative of what rights are actually transferred.").

6.      As the Appellate Division held in <u>Suderov v. Ogle</u>, 149 Misc.2d 906, 574 N.Y.S.2d 249, 251 (App.Div. 2<sup>d</sup> Dept 1991),

> When a lease is assigned as **security for a mortgage**, no matter what language is used in the instrument of assignment, no transfer of title to the lease can be effected. 'Whenever property is transferred, no matter in what form or by what conveyance, as security for . . . a debt, the conveyance creates a mortgage . . . and the parties . . . are subject only to the obligations of a mortgagor and mortgagee.'

<u>Id.</u> at 251. (emphasis added) (citing <u>Mooney v. Byrne</u>, 163 N.Y. 86, 57 N.E. 163 (1900) ("When a lease is assigned as security for a mortgage, no matter what language is used in the instrument of assignment, no transfer of title to the lease can be effected."); <u>Carr v. Carr</u>, 52 N.Y. 251 (1873)).

7.      Because, under New York law, the assignment of rents clause in the Mortgage and the Assignment itself operated as a pledge of the rents, the Bank was required to take specific additional steps to assert its rights.  "The courts of this State and the Federal courts, applying the law of this State, have held that 'an assignment of rents' clause . . . is not self-executing . . . ."  <u>Ganbaum v. Rockwood Realty Corp.</u>, 62 Misc.2d 391,393, 308 N.Y.S.2d 436, 438 (N.Y. Gen. Term 1970) (citing <u>Ebling Company v. Trinity Estates, Inc.</u>, 266 N.Y. 175, 194

N.E. 76 (1935); <u>New York Life Insurance Company v. Fulton Development Corporation</u>, 265 N.Y. 348, 193 N.E. 169 (1934); <u>Woman's Hospital v. Sixty-Seventh Street Realty Co.</u>, 265 N.Y. 226, 192 N.E. 302 (1934); <u>Sullivan v. Rosson</u>, 223 N.Y. 217, 119 N.E. 405 (1918) ; <u>Prudential Ins. Co. of America v. Liberdar Holding Corporation</u>, 74 F.2d 50 (2d Cir. 1934); <u>Fehr v. First Americana Corporation</u>, 31 A.D.2d 967, 299 N.Y.S.2d 214 (N.Y. App.Div. 2$^d$ Dept); <u>Kelley Bros. v. Primex Equities Corp</u>., 46 Misc.2d 255, 259 N.Y.S.2d 594 (N.Y. Gen Term 1965)). <u>See also</u> <u>In re Loco Realty Corp.</u>, 2009 WL 2883050, at *5; <u>In re Financial Center Associates of East Meadow, L.P.</u>, 140 B.R. 829, 833 (Bankr. E.D.N.Y.1992).

**<u>The Bank Failed to Take the Requisite Steps to Acquire Title to the Rents</u>**

8. The Bank asserts that it merely had to collect the rents to obtain title to them. In New York, however, self-executing absolute assignments of rents, like the one here, are not enforceable. Thus, the Bank's nonconsensual and unilateral collection of rents could not, as a matter of New York law, give it title. More was required.

> When a secured creditor holds a security interest under a mortgage that has been properly perfected under state law, and that security agreement extends to rents, . . . in many states, including New York, after a default, but prior to the borrower's bankruptcy, the lender may not enforce its security interest in the rents without taking additional action required under state law. Typically, this additional action includes taking possession of the mortgaged premises, having a receiver appointed, having a state court order issued to sequester the rents, or foreclosing on the mortgaged property.

John Rapisardi and Elliot Hurwitz, <u>The Mortgagee's Right to Rents After Default: an Unsettled Controversy</u>, 6 J. Bankr. L. & Prac. 331, 343 (1997).

9. The cases cited by the Bank are consistent with this approach and do not hold, as the Bank maintains, that the mere collection of rents conveys title. Additional steps, which the Bank did not take, are required.

10. In <u>Sullivan v. Rosson</u>, 223 N.Y. 217, 119 N.E. 405 (1918), the New York Court of Appeals held that a "mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them **through some mutual arrangement therefor**, or he should make application to the court to have a receivership extended for his benefit." 223 N.Y. 217, 224-25 (emphasis added). Similarly, In <u>Dime Savings Bank of Brooklyn v. Altman</u>, 249 A.D. 174, 291 N.Y.S. 417 (N.Y. App. Div. 2<sup>d</sup> Dept 1936), the Appellate Division held that:

> Under an assignment of rents clause, such as the one in the case at bar, the assignment is not absolute, but is only further security for the mortgage obligation. It is sometimes called a pledge. Even upon default, the right to the rents does not accrue to the mortgagee. Under such clause a mortgagee may have the rents by possessing himself of them or the right to them **with the consent of the owner**, or by application to the court in legal proceedings through the appointment of a receiver.

249 A.D. 174, 176 (emphasis added) (citing <u>Freedman's Saving Co. v. Shepherd</u>, 127 U. S. 494, 8 Sup.Ct., 1250, 32 L.Ed.163 (1888); <u>Matter of Banner</u>, 149 F. 936 (S.D.N.Y.1907); <u>In re Brose</u>, 254 Fed. 664 (2d Cir.1918); <u>148th Street Realty Co., Inc., v. Conrad</u>, 125 Misc. 142, 210 N.Y.S. 400 (N.Y. Gen. Term 1925)).

11. Although the Bank asserts that these cases hold that the mortgagee need only to possess the rents to obtain title, the phrase "with the consent of the owner" modifies both "possessing himself of them" and "the right to them." In other words, absent the consent of the mortgagor to turn over the rents or possession of the property to the

mortgagee, the mortgagee must seek the appointment of a receiver. Courts in New York universally apply this construction as demonstrated by the cases read into the record by Mr. Glas at the February 7 hearing.

12.     In <u>Schlesinger v. Sanford Main Shopping</u>, 37 Misc.2d 840, 237 N.Y.S.2d 190 (N.Y. Gen. Term 1962), the first case cited by Mr. Glas at the February 7 hearing, the court stated that, with respect to the quotation in <u>Sullivan v. Rosson</u>, <u>supra,</u> that a "mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have a receivership extended for his benefit,"

> It would seem clear from the foregoing quotation that there are other ways than the appointment of a receiver by means of which the mortgagee can secure possession of the rents, and that is by ' *special agreement*' or *'through some mutual arrangement therefor.'*

37 Misc.2d 840, 845 (emphasis in the original).

13.     Similarly, in <u>One Hundred Forty-Eight Street Realty Co., Inc. v. Conrad</u>, 125 Misc. 142, 210 N.Y.S. 400 (N.Y. Gen. Term 1925), another case cited by Mr. Glas, the court held "[t]hus prior to judgment in a foreclosure action, the only remedy of the mortgagee <u>for possession, and through it for the rents</u>, is by the appointment of a receiver in such an action, unless, however, consent to take possession has been given by the mortgagor. With the mortgagor's consent, such an entry and possession prior to foreclosure is lawful." <u>Id.</u> at 145. The court went on to find that a "mortgagee is not entitled to the rents until he has entered, or at least made a demand of the owner for possession, and the same has been refused . . . [E]ntry and assignment are so inextricably interwoven that the latter does not become effective until the

former has been exercised, or, at least, possession of the premises demanded of the owner." <u>Id.</u> at 148. This did not happen here.

14. In <u>Long Island Bond & Mortgage Guarantee Co.</u>, 171 Misc. 15, 11 N.Y.S.2d 793 (N.Y. Gen. Term 1939), the final case cited by Mr. Glas at the February 7 hearing, the court held similarly.

> Assignments of rent, giving a mortgagee control of premises as soon as a default occurs, do not automatically become operative. But where, under a mortgage clause such as is here involved, the holder of the mortgage has made formal demand for and been refused possession, I see no reason why the assignment of rents provided therein is not absolute. It is clear, from the language used in the mortgage clause, that the parties contemplated an equitable assignment of rents, and, under such circumstances, such assignment became operative upon the making of a formal demand for and refusal of possession.

<u>Id.</u> at 797.

15. This construction also is supported by the decision of the New York Court of Appeals in <u>New York Life Ins. Co. v. Fulton Development Corporation</u>, 265 N.Y. 348, 193 N.E. 169 (1934), a case decided after <u>Sullivan v. Rosson</u>. There, the court held that actual possession of the property was required to obtain title to rents; a mere demand for possession was not sufficient.

> An owner of property is entitled to the rents until there is a default under the mortgage; then the mortgagee has an equitable claim to the rents that are unpaid . . . A mortgagor owner may collect the rents and apply them to his own use because the equitable lien given by a mortgage does not come into force and effect until the appointment of a receiver or the entry into possession of the mortgagee.

Id. at 352. (citing Sullivan v. Rosson, supra, and Wyckoff v. Scofield, 98 N. Y. 475, 478 (N.Y. 1918)).

16.     Additional and more recent decisions unequivocally set forth the steps that a mortgagee is required to take in order to obtain title to rents.  In 1180 Anderson Ave. Realty Corp. v. Mina Equities Corp., 95 A.D.2d 169, 173-174, 465 N.Y.S.2d 511 (App.Div. 1st Dept 1983), the Appellate Division, recognizing that a mortgagee wishing to obtain rents must actually possess himself of them or the right to them through an arrangement with the mortgagor, held that "[w]here the mortgage itself, as in the instant case, gives the mortgagee the right upon default to enter upon and take possession of the mortgaged premises, and receive the rents and profits, 'the assignment becomes absolute upon the mortgagee making formal demand for and being refused possession.  Under such a clause, lawful entry *or* demand for possession is a condition precedent to a right to the rents, . . . . " Id. at 173-74 (emphasis in the original) (quoting 38 N.Y.Jurisprudence, Mortgages and Deeds of Trust, § 128, pp. 242, 247).  See also Gomez v. Bobker, 124 A.D.2d 703, 704, 508 N.Y.S.2d 215 (N.Y.A.D. 2d Dept 1986)("[w]hen the mortgage itself, as in the instant case, gives the mortgagee the right to enter and take possession of the mortgaged premises and receive the rents and profits, a formal demand made of the mortgagor and a refusal is sufficient to justify a collection of the rents and income."); Ezriel Equities Associates L.P v. 157 East 72nd Street Associates, 225 A.D.2d 326, 638 N.Y.S.2d 470 (App.Div. 1st Dept).

17.     Finally, bankruptcy courts in this District, applying New York law, do not uphold rent assignment clauses in mortgage instruments or in separate agreements that attempt to obtain "possession" of rents without the need for further action such as the appointment of a receiver or foreclosure.  In re Temple Court Associates, No. 95 CIV 5747(HB), 1996 WL

537886, (S.D.N.Y. Sept. 20, 1996);  ABN AMRO Bank N.V. v. Carmania Corp. N.V. (In re Carmania Corp. N.V.), 154 B.R. 160 (S.D.N.Y.1993);  In re Loco Realty Corp., Case No. 09-11785, 2009 WL 2883050 (Bankr. S.D.N.Y. June 25, 2009); In re Pine Lake Village Apartment Co., 17 B.R. 829, 833 (Bankr.S.D.N.Y.1982) ; In re Financial Center Associates of East Meadow, L.P., 140 B.R. 829, 833 (Bankr. E.D.N.Y.1992); In re Northport Marina Associates, 136 B.R. 911, 916-917 (Bankr.E.D.N.Y.1992).

18.     As noted by the Bankruptcy Court in In re 641 Associates, Ltd., 140 B.R. 619 (Bankr. E.D.Pa.1992), [t]he law of New York is demanding upon a creditor seeking to assert a perfected security interest in rents.  It is settled law in New York that an assignee of future rents who has done nothing to perfect its rights will not prevail over an execution creditor or a trustee in bankruptcy.  Id.  at 627-28 (citing Sullivan v. Rosson, supra). "'The general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he take s actual possession, or *until possession is taken, in his behalf, by a receiver*. . . .  (emphasis added).'"  Id.  (quoting  Freedman's Savings & Trust Co. v. Shepherd, 127 U.S. 494, 502)

19.     In light of the foregoing, the Debtor respectfully request that this Court deny the Motion and grant it such further relief as it deems just and proper.

Dated:  New York, New York

      February 14, 2011

                              ROSEN & ASSOCIATES, P.C.
                              Attorneys for the Debtor
                               and Debtor in Possession

                              By: /s/ Nancy L. Kourland
                                  Nancy L. Kourland

                              747 Third Avenue

New York, NY 10017-2803
(212) 223-1100